DISCIPLINARY PROCEEDINGS
Ji_PER CURIAM.
Respondent was charged with one count of misconduct involving his failure to refund attorney’s fees that exceeded the amount approved by the Social Security Administration (SSA). Respondent’s actions were in violation of Rules 1.5(a), 1.16(d), and 8.4(a) of the Rules of Professional Conduct.
Respondent represented a client and his son in successful claims for disability and supplemental social security income benefits. After receiving $4,330.84 in attorney’s fees from his client pursuant to a contingency fee agreement, respondent filed a petition with the Social Security Administration requesting approval of $5,970.50 in attorney’s fees. Because of respondent’s failure to keep records to document the time and money expended in asserting his client’s disability claim, the SSA approved only $3,000 in attorney’s fees and issued a U.S. Treasury check to respondent for that amount. When notified of the SSA’s decision, the client filed a statement with the agency requesting the return of all fees paid in excess of $3,000. Respondent failed to refund the $4,330.84 in excess fees despite being ordered to do so on three occasions by the SSA. The SSA disqualified respondent from social security practice and notified the Louisiana State Bar Association of this matter.
The Hearing Committee found that respondent had been uninformed of the proper procedures for charging fees in social security disability cases, mistakenly and negligently thought that he was entitled to charge a twenty-five percent contingency fee, and that respondent might have been awarded the full *1324 twenty-five 12percent fee if he had kept time and expense records or if he had appealed the $3,000 award. The Committee further found that respondent was unable to repay the excess fees when ordered to do so because of domestic and financial problems and concluded that, although respondent violated his professional duties, his actions were only negligent. After finding numerous mitigating circumstances[1] but few aggravating factors,[2] the Hearing Committee recommended a three month deferred suspension, with the deferral conditioned upon respondent’s completion of an additional thirty eight-hour days of community service during a six month period.
On review, the Disciplinary Board concurred in the Hearing Committee’s recommendation of a three month deferred suspension and also recommended that respondent be placed on twelve months of unsupervised probation with certain conditions.
Upon review of the findings and recommendations of the Hearing Committee and the Disciplinary Board, and upon consideration of the record filed herein, this court adopts the recommendations of the Disciplinary Board.
DECREE
Accordingly, it is ordered that William Earl Harrison be suspended from the practice of law for three months. Imposition of the suspension is deferred, and respondent is hereby placed on twelve months of unsupervised probation with the following conditions:
|⅞1) Completion of thirty eight-hour days of community service within a six month period;
2) Prompt and timely payment of all bar dues and disciplinary assessments, and compliance with all mandatory continuing legal education requirements;
3) Full and complete response within fifteen days by respondent to any future disciplinary complaints;
4) No additional violations of the Rules of Professional Conduct; and
5) Payment of all costs of the disciplinary proceedings.
SUSPENSION ORDERED AND DEFERRED; UNSUPERVISED PROBATION ORDERED.
WATSON, J., not on panel.

. The mitigating factors included the absence of a dishonest motive, respondent’s personal problems, payment of full restitution with interest, completion of thirty eight-hour days of community service, cooperative attitude toward the disciplinary proceedings, good character and reputation, imposition of other penalties in the form of disqualification from further practice before the Social Security Administration, interim rehabilitation, and remorse.

. The aggravating factors included one prior disciplinary offense (an admonishment for failure to cooperate in an unrelated disciplinary matter), vulnerability of client, and substantial experience in the practice of law.